# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FREDRICKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01667-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR THE FAILURE TO STATE A COGNIZABLE CLAIM, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Warren Fredrickson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Plaintiff's complaint, filed on November 3, 2016, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.       Plaintiff's Complaint**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events at issue occurred. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), and the Director of CDCR Kathleen Allison as defendants. Plaintiff's allegations are as follows:

**Background**

Plaintiff's complaint includes detailed allegations regarding his criminal plea agreement, no contest plea to Penal Code section 288(a), and an unsuccessful attempt to change his plea. The Court notes that Plaintiff states that he does not intend to bring this as a habeas action, and thus

2

considers these allegations to be providing background information related to his civil rights claim in this case. (See ECF No. 1, p. 9.) Specifically, Plaintiff claims that he has been wrongfully denied family visitation as a result of his conviction, as discussed further below.

**Allegations**

Plaintiff's allegations are not entirely clear, but it appears that he claims that the denial of the family visitation privilege to him violates his right to Due Process and Equal Protection under state and federal law. Plaintiff contends that CDCR has compromised his rights to family visitation under California Code of Regulations Title 15 section 3177 and 3177(b)(1). Plaintiff further contends that the "blanket exclusion" of the privilege violates due process and the sanctity of marriage. Plaintiff also alleges that the visitation denial is not neutral because it is devoid of individual scrutiny, and does not take into account any case-by case factors. A committee action uses no discretion, which suggests that a blanket policy exists, which wrongly denies the sanctity of marriage. Plaintiff asserts that his privilege exclusion is based solely on his conviction.

Plaintiff further alleges that the family visitation privilege would only extend to Plaintiff's wife of over twenty (20) years; no minors nor other persons. On this basis, the regulation is not neutral. Plaintiff emphasizes that there are no security issues, and the visitation would be between two consenting adults. There is no fiscal expenditure to any CDCR budget, let alone employee, because it would be extending a policy/ privilege already in place to thousands more inmates.

Plaintiff provides several examples of inmates who have gone through the classification committee he references above. Plaintiff asserts that each of these inmates are being denied visitation on account of the nature of their convictions. Furthermore, Plaintiff identifies factors that he contends are not being properly considered by the classification committee when determining whether they will be allowed family visitations, such as victims who recanted or cases that have been dismissed.

Plaintiff alleges that Defendant Allison has the power and authority to correct the constitutional violation before the court, but will not do so.

Plaintiff seeks an evidentiary hearing, and that "such hearing (or trial) will cause CDCR to change the exclusion policy on a case-by-case basis."

1    Regarding the exhaustion of administrative remedies, Plaintiff states that his request at the second level of review was denied because it was sent to a reviewer who did not have the authority to grant his appeal. Plaintiff further states that his director's level of appeal was denied for a procedural requirement.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is not a short or plain statement of his claim. Plaintiff provides extensive information concerning his criminal case, the relevance of which is not explained or apparent. There are also extensive legal arguments in the complaint. His claim concerning visitation issues can only be discerned by inference, since the complaint lacks facts regarding that claim.

Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend, he must state in clear and plain language the basis of his claim, including the facts (such as names, dates, and events) concerning what a defendant or defendants did or did not do that violated his constitutional rights.

#### B. Supervisory Liability

Plaintiff names Kathleen Allison, Director of CDCR, as a defendant. Plaintiff also alleges that Defendant Allison "has the power and authority to correct the constitutional violation before the court, but will not do so."

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister,

734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

To the extent Plaintiff seeks to state a claim against Defendant Allison, or any supervisory defendant, based on a policy, he must identify that policy, plead facts showing he was deprived of a constitutional right, and show that the policy was the cause, or moving force, of the violation or deprivation of his rights. He must also plead facts showing a sufficient connection between the defendant and the policy.

### C. Eleventh Amendment

Plaintiff names the CDCR as a defendant. Plaintiff is advised that he may not sustain an action against a state agency.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S. Ct. 1114, 1122, 134 L.Ed.2d 252 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L.Ed.2d 605 (1993). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir.1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1989).

Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

### D. Fourteenth Amendment Equal Protection

Plaintiff alleges that a denial of the family visitation privilege to him violates his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires the state to treat all similarly-situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prevail on an Equal Protection claim brought under § 1983, a plaintiff must allege facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class. Id. Mere indifference to the effect of a decision on the member of a protected class is not sufficient to show discriminatory intent, nor are conclusory statements of bias. Id. at 1166-67. Plaintiff may also allege an equal protection violation by demonstrating that he "received different treatment from that received by others similarly situated" and that the different treatment was due to his membership in a protected class. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff does not identify any protected class of which he is a member, nor does he state fact showing that any defendant discriminated against him because of his membership in a protected class. Plaintiff also does not allege any facts showing that others received different treatment than him, and that the different treatment was due to his membership in any protected class.

### E. Due Process Violation

Plaintiff alleges that he was denied Due Process by the denial of the family visitation privilege, and specifically violates the sanctity of marriage. He cites specifically the denial of his rights under California Code of Regulations Title 15, section 3177, which concerns overnight family visits. It appears Plaintiff may be challenging the denial of a conjugal visit.

While prisoners do retain the right to marry, Zablocki v. Redhail, 434 U.S. 374 (1978), it is well-settled that right must be circumscribed by security concerns incident to incarceration. Turner

v. Safley, 482 U.S. 78, 95 (1987) ("The right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration.") "The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime." Gerber v. Hickman, 291 F.3d 617, 620 (9th Cir. 2002). See also Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.") Thus, while Plaintiff has a constitutionally protected right to enter into marriage, he does not, by extension, have a right to conjugal visits.

### F. Representative Action

As noted above, Plaintiff refers in his complaint to the thousands of inmates that are denied family visitations, and also provides examples of specific inmates that he contends are being denied visitations.

To the extent Plaintiff attempts to bring this lawsuit as a class action or on behalf of the other inmates discussed in his complaint, such effort is unavailing. Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

This action, therefore, is only construed as an individual civil suit brought by Plaintiff.

### G. Exhaustion of Administrative Remedies

As noted above, Plaintiff states that his administrative appeal at the director's level was denied for a "procedural requirement," suggesting that he may not have fully exhausted his administrative remedies due to a procedural error.

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

7

administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id. A cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

To the extent Plaintiff's appeal was cancelled or rejected for the failure to follow the procedural requirements of the administrative process, Plaintiff has failed to exhaust his administrative remedies. If Plaintiff chooses to amend, he must allege facts to show that he has in fact exhausted administrative remedies, to the extent he can do so in good faith. Otherwise, his complaint may be subject to dismissal.

**IV.    Conclusion and Order**

The Court finds that the complaint fails to state any cognizable claim upon which relief may be granted. The Court will grant Plaintiff an opportunity to cure the deficiencies identified above which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The amended complaint should be brief, Fed. R. Civ. P.

8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, unless the Court orders otherwise, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint filed on November 3, 2016 (ECF No. 1) is dismissed for the failure to state a claim upon which relief may be granted, with leave to amend;

2. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to comply with this order, this action will be dismissed.**

IT IS SO ORDERED.

Dated: **July 7, 2017**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE