# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FREDRICKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01667-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff Warren Fredrickson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Plaintiff's amended complaint, filed on August 9, 2017, is currently before the Court for screening. (ECF No. 7.)

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events at issue occurred. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), Kathleen Allison, CDCR Director, and Scott Kernan, CDCR Secretary, as defendants.

Plaintiff alleges as follows: Plaintiff is being denied overnight visiting privileges with his spouse based on his conviction in 2010 under Penal Code § 288(a), for lewd and lascivious acts on a minor child under 14 years old. (ECF No. 7, at p. 32.)

///

On May 22, 2013, a Unit Classification Committee denied Plaintiffs' request for overnight visiting privileges based solely on Plaintiff's conviction for Penal Code §288(a). Plaintiff seeks overnight visitation privileges with his wife, and no one else. The classification committee informed Plaintiff that they had no "discretionary leeway" to grant him the privilege based on California Code of Regulations, Title 15 policy, outlined in section 3177.

Cal. Code Regs. tit 15, § 3177(b) states in relevant part as follows: "Family visiting is a privilege. . . . (1) Family visits shall not be permitted for inmates convicted of a violent offense involving a minor or family member or any sex offense, which includes but is not limited to the following Penal Code sections: . . 288. . . ."

Plaintiff asserts that the denial of overnight visitation privilege with his spouse on the basis of § 3177(b) violates his due process and equal protection rights.

### III. Discussion

#### A. Family Overnight Visitation Privileges

Plaintiff claims the CDCR's denial of family overnight visitations denies him his due process and equal protection rights related to marriage, because he cannot have overnight conjugal visits with his spouse. However, while prisoners do retain the right to marry, Zablocki v. Redhail, 434 U.S. 374 (1978), it is well-settled that right must be circumscribed by security concerns incident to incarceration. Turner v. Safley, 482 U.S. 78, 95 (1987) ("The right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration.") "The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime." Gerber v. Hickman, 291 F.3d 617, 620 (9th Cir. 2002).

Prisoners have no constitutional right to contact visits or conjugal visits. Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits."); see also Sandin v. Conner, 515 U.S. 472, 483–84 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Thus, while Plaintiff has a constitutionally protected right to enter into marriage, he does not, by extension, have a right to conjugal visits.

1       Further, the Court finds that § 3177(b) is necessary to further a compelling, legitimate governmental interest. Shields v. Foston, No. 2:11-cv-0015-JAM-EFB-P, 2013 WL 3456964 at *5-6 (recognizing the security threat posed by allowing unsupervised visitation for inmates in high-risk categories). The Supreme Court has held that a blanket prohibition on contact visits is a reasonable response to legitimate security concerns. Block v. Rutherford, 468 U.S. 576, 586 (1984) ("That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion.")

      Accordingly, the Court finds that Plaintiff fails to state a claim based on the denial of overnight conjugal visits with his spouse, and the deficiency cannot be cured through amendment.

### B. Claim Preclusion/Res Judicata

      Plaintiff also attaches to his amended complaint an Order Denying Petition for Writ of Habeas Corpus, dated May 22, 2015, issued by the Superior Court of California for the County of Kern, in the matter of In Re Warren Fredrickson CDC#AH-0117, No. HC14564A. (ECF No. 7, at p. 32.) That order states that Plaintiff filed a petition for writ of habeas corpus in that California court challenging the constitutionality of the denial of overnight visits for sex offenders based on the denial of overnight visits with his wife. The California court denied the petition, finding that the prisons' need for security outweighed Plaintiff's rights to visit with his wife and enhance marital communication, and that married sex offenders are not a protected class.

      The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). California's general rule is that "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Slater v. Blackwood, 15 Cal. 3d 791, 126 Cal. Rptr. 225, 543 P.2d 593, 594 (1975). "It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits." Wulfjen v. Dolton, 24 Cal. 2d 891, 151 P.2d 846, 848 (1944). Reasoned denials of California habeas petitions have claim-preclusive effect in subsequent civil rights litigation. See Gonzales v. California Dep't of Corr., 739 F.3d 1226, 1231 (9th Cir. 2014). Regardless, Plaintiff has no

4

protected constitutional right in conjugal visits or contact visits under the U.S. Constitution, and therefore no cognizable claim can be stated.

Based on the foregoing, Plaintiff's claim is also barred as a matter of claim preclusion.

### IV.     Conclusion and Order

For the above reasons, Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Due to the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1.      Pursuant to 28 U.S.C. § 1915A, this actions is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted;

2.      This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

3.      The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

Dated:    **October 4, 2017**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE